UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20351-CR-ALTONAGA

UNITED STATES OF AMERICA

vs.

JESUS RAMON VEROES,

          **Defendant.**
_____/

**UNITED STATES' UNOPPOSED MOTION FOR PRELIMINARY ORDER OF
FORFEITURE AND FORFEITURE MONEY JUDGMENT**

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America (the "United States") hereby moves for the entry of a Preliminary Order of Forfeiture and Forfeiture Money Judgment against Defendant Jesus Ramon Veroes (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $5.5 million and the forfeiture of certain property in satisfaction thereof. In support of this motion, the United States provides the attached Declaration of Task Force Officer Francisco J. Rincon of the Drug Enforcement Administration ("DEA") and the following factual and legal bases.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 11, 2019, the United States filed an Information charging the Defendant and Luis Alberto Chacin Haddad ("Chacin"), a co-defendant, with conspiracy to defraud the United States and to commit felony violations of the Foreign Corrupt Practices Act ("FCPA"), in violation of 15 U.S.C. §§ 78dd-2 and 78dd-3 and 18 U.S.C. § 371. Information, ECF No. 25. The Information included forfeiture allegations, which alleged that upon conviction of a conspiracy to commit an

FCPA violation, the Defendant shall forfeit to the United States of America, all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C), which is made criminally applicable by 28 U.S.C. § 2461(c). *See id.* at 6-7.

On June 24, 2019, pursuant to a written Plea Agreement, the Defendant pleaded guilty to the conspiracy charged in the Information. *See* Minute Entry, ECF No. 42; Plea Agreement ¶ 1, ECF No. 46. In his Plea Agreement, the Defendant agreed to the following, among other provisions:

> 11. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy to commit felony violations of the Foreign Corrupt Practices Act, Title 15, United States Code, Sections 78dd-2 and 78dd-3, charged in the Information. The defendant agrees to consent to the entry of orders of forfeiture for such property and for a money judgment equal in value to the total amount of proceeds he obtained as a result of his offense of conviction. The defendant admits and agrees that the conduct described in the Information and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. **The defendant agrees that such property includes, but is not limited to:**
>     **(i) A sum of at least $5.5 million, which represents the total amount the defendant individually acquired through his offense of conviction less the direct costs incurred in providing any lawful goods or services, and which may be sought as a forfeiture money judgment; and**
>     **(ii) Real property located at 3420 NW 84th Avenue, Doral, FL 33122, which although titled in the name of Oasis 3420 LLC, was purchased by the defendant with proceeds from his offense of conviction and beneficially owned by the defendant.**
> 12. The defendant agrees to waive any appeal of the forfeiture. The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(l)(J) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any applicable time limits for the initiation of administrative or judicial forfeiture proceedings and/or further notification of any such forfeiture brought against the property sought for forfeiture.

13. The defendant also agrees to assist the Government in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. **The defendant agrees that the United States shall, at its discretion, be entitled to forfeiture of any property (substitute assets) of the defendant to satisfy the money judgment. The defendant further agrees that all elements of Title 21, United States Code, Section 853(p), have been satisfied. The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to the United States before the defendant's sentencing.** To that end, defendant agrees to fully assist the Government in the recovery and return to the United States of any assets, or portions thereof, wherever located. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to the Government, upon the Government's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. **The defendant further agrees to liquidate assets, or complete any other tasks which will result in immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the Government.**

14. The defendant agrees to make full and accurate disclosure of his financial affairs to the Government and expressly authorizes the Government to obtain a credit report. The defendant agrees that within 10 calendar days and upon request of the Government, the defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees that providing false or incomplete information about his financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (a) separate prosecution, including, under Title 18, United States Code, Section 1001; or (b) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines § 3El.l. **The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the Government, until his forfeiture money judgment is paid in full. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date when he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.**

15. The defendant further understands that forfeiture is independent of any assessments, fines, costs, restitution, or any other penalty that may be imposed by the Court. The defendant knowingly and voluntarily waives any claim or defense he may have under the Eighth Amendment to the United States Constitution,

including any claim of excessive fine or penalty with respect to the forfeited property.

Plea Agreement ¶¶ 11-15 (bold emphasis added).

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 47. The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report ¶¶ 82-93, ECF No. 56.

On September 9, 2019, the undersigned counsel requested, via e-mail, that a Financial Disclosure Statement be completed by the Defendant within 10 days, which is September 19, 2019. *See* Plea Agreement ¶ 14 (requiring Defendant to complete such financial disclosure within 10 calendar days of request); 9/9/2019 e-mail correspondence (on file with undersigned counsel).

In a subsequent e-mail on the same day, September 9, 2019, the undersigned counsel also requested the transfer of approximately $2,995,000.00 previously on deposit in the Defendant's Mashreq Bank account to United States' custody. *See* Presentence Investigation Report ¶¶ 82-83 (referring to Mashreq Bank account); Plea Agreement ¶ 13 (requiring Defendant to liquidate assets for immediate payment to the United States to satisfy forfeiture money judgment). In addition, on September 13, 2019, defense counsel informed the United States that the Defendant obtained an additional $15,000.00 from the sale of a 2017 BMW motorbike. *See* 9/13/2019 e-mail correspondence (on file with undersigned counsel); Presentence Investigation Report ¶¶ 82, 87.

On September 16, 2019, the following two cashier's checks, which were funded by the $2,995,000.00 from the Defendant's Mashreq Bank account and $15,000.00 from the sale of the Defendant's 2017 BMW motorbike, were delivered to the United States: (1) a cashier's check in the amount of $2,890,000.00 as a payment toward the Defendant's forfeiture money judgment;

4

and (2) a cashier's check in the amount of $120,000.00 as payment toward Chacin's forfeiture money judgment.[1]

Defense counsel has indicated that an additional $1.1 million remains on balance in the Defendant's Mashreq Bank account, which can be repatriated and/or forfeited to United States. *See* 9/18/2019 e-mail correspondence (on file with undersigned counsel). The bank account is further identified as account no. 019000029327 at Mashreq Bank (Dubai), held in the name of Powernet LTD. *See id.*

## II. LEGAL STANDARD

### A. Directly Forfeitable Property

All property, real or personal, which constitutes or is derived from proceeds traceable to a conspiracy to commit an FCPA violation is subject to forfeiture to the United States. 18 U.S.C. § 981(a)(1)(C) (made criminally applicable by 28 U.S.C. § 2461(c)). If a defendant is convicted of such violation, the Court "shall order" the forfeiture of the property as part of the sentence. *See* 28 U.S.C. § 2461(c). As part of the defendant's sentence, criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003).

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A). *See also United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). Upon finding that property is subject to forfeiture, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory

---

[1] Defense counsel has indicated that Defendant owed these funds to Chacin. *See* 9/11/2019 e-mail correspondence (on file with undersigned counsel).

> criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A).

The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The amount of the money judgment should represent the full sum of the illegal proceeds, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order. . . . To conclude otherwise would enable wrongdoers to avoid forfeiture merely by spending their illegitimate gains prior to sentencing."); *United States v. Vampire Nation*, 451 F.3d 189, 201-03 (3rd Cir. 2006) (money judgments "are appropriate even where the amount of the judgment exceeds the defendant's available assets at the time of conviction"); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (" ... [E]ven if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order."). The defendant's money judgment amount can be based on a reasonable estimate on the amount of property subject to forfeiture. *See, e.g., United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011); *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019); *United States v. Vico*, Case No. 15-CR-80057-ROSENBERG/HOPKINS, 2016 WL

233407 (S.D. Fla. Jan. 20, 2016) (calculation of money judgment does not require mathematical exactitude; district court may make a reasonable extrapolation supported by a preponderance of the evidence).

### C. Substitute Property

If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e). Substitute assets are available for forfeiture upon a showing that, due to the defendant's act or omission, directly forfeitable property:

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). The government may establish such unavailability through an agent's declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

### III. DISCUSSION

As set forth in the Factual Proffer, Chacin owned and managed businesses in Miami, Florida, including Search Trading, LLC ("Search Trading") and Headline, LLC ("Headline"), which are "domestic concerns" as that term is defined under 15 U.S.C. § 78dd-2(h)(1). *See* Factual Proffer 1-2, ECF No. 47. In or about early 2016, Chacin informed the Defendant about his failed attempts to secure contracts to provide equipment to Venezuela's state-owned electric company, Corporacion Electrica Nacional, S.A. ("Corpoelec"). *See id.* at 3. The Defendant agreed to present Chacin's contract proposals to a foreign official in Venezuela ("Foreign Official 1"), who advised the Defendant to work with a second official ("Foreign Official 2") to finalize the contracts. *See id.*

The Defendant informed Chacin of his meeting with Foreign Official 1 and told Chacin that they would need to give Foreign Official 2 some of their profits, a portion of which he believed would also go to Foreign Official 1. *See id.* at 4. After three Corpoelec contracts were approved by Foreign Official 1 and Foreign Official 2 and awarded to Search Trading, the Defendant and Chacin agreed that they would each keep approximately $5.5 million in profits from the contracts. *See id.* Headline, another company owned by Chacin, was subsequently awarded additional contracts totaling more than $40 million by Venezuela state-owned entities. *See id.* at 4-5. The Defendant and Chacin agreed to share profits of these contracts with Foreign Official 2, and then conducted transfers in Miami and elsewhere to pay kickbacks. *See id.* at 5. As indicated in the Plea Agreement, the Defendant used a portion of his $5.5 million in illicit profits to acquire real property located at 3420 NW 84th Avenue, Doral, FL 33122, which he titled in the name of Oasis 3420 LLC. *See* Plea Agreement ¶ 11, ECF No. 46.

Based on the record, the total amount the Defendant individually acquired through his offense of conviction, less the direct costs incurred in providing any lawful goods or services, was at least $5.5 million in U.S. currency. *See, e.g., id.* Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this sum may be sought as a forfeiture money judgment. Pursuant to 18 U.S.C. § 981(a)(1)(C), the real property located at 3420 NW 84th Avenue, Doral, FL 33122 is subject to forfeiture as such property is traceable to proceeds of the Defendant's offense of conviction.

Due to the Defendants' acts or omissions, directly forfeitable property other than the property identified above cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court;

has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. *See attached* TFO Rincon Decl.

The Defendant has turned over $2,890,000.00 to be applied toward his forfeiture money judgment, and has additional assets to satisfy the outstanding balance of his forfeiture money judgment, including approximately $1.1 million currently on deposit in account no. 019000029327 at Mashreq Bank (Dubai), held in the name of Powernet LTD. *See* Presentence Investigation Report ¶ 82, ECF No. 56; 9/18/2019 e-mail correspondence (on file with undersigned counsel). The Defendant's Financial Disclosure Statement is due to the United States on September 19, 2019, and the United States anticipates that additional assets will be turned over or forfeited after reviewing further information of the Defendant's financial condition.

Pending taking custody of such assets, the United States respectfully requests that the Court enter a protective order in accordance with the Plea Agreement and pursuant to 21 U.S.C. § 853(e), which authorizes the Court to take any action to preserve the availability of property for criminal forfeiture and to order the Defendant to repatriate any property that may be seized and forfeited. *See* Plea Agreement ¶ 14 (". . . The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the Government, until his forfeiture money judgment is paid in full."); 21 U.S.C. § 853(e)(1), (4).

Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; recognition of a payment toward such judgment; forfeiture of directly forfeitable and substitute property; a protective order for the Defendant's remaining assets; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

    Respectfully submitted,

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY

By:   *s/ Annika M. Miranda and Nalina Sombuntham*
    Annika M. Miranda, Fla. Bar No. 64975
    Nalina Sombuntham, Fla. Bar No. 96139
    Assistant United States Attorneys
    99 N.E. 4th Street, 7th Floor
    Miami, Florida  33132-2111
    Telephone:  (305) 961-9303 (Miranda)
                  (305) 961-9224 (Sombuntham)
    Facsimile:   (305)536-4089
    annika.miranda@usdoj.gov
    nalina.sombuntham@usdoj.gov

## LOCAL RULE 88.9 CERTIFICATION

The undersigned counsel hereby certifies that on August 21, 2019, counsel for the United States contacted, via e-mail, defense counsel regarding the Defendant's position on the proposed forfeiture.  On September 10, 2019, defense counsel confirmed that the Defendant does not contest the forfeiture as set forth in the Plea Agreement.  On September 17, 2019, counsel for the United States contacted defense counsel regarding the Defendant's position on the proposed protective order, and on the same day, defense counsel confirmed that there is no objection.

    *s/ Annika M. Miranda and Nalina Sombuntham*
    Annika M. Miranda
    Nalina Sombuntham
    Assistant United States Attorneys