**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-cr-20351-ALTONAGA**

**UNITED STATES OF AMERICA**

v.

**JESUS RAMON VEROES,**

      **Defendant.**

_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT VEROES'
MOTION FOR REDUCTION OF SENTENCE**

      The United States of America opposes defendant Jesus Ramon Veroes' Motion For Reduction of Sentence because the defendant has failed to state any valid grounds in favor of a reduction. Furthermore, the defendant is not in deteriorating health. For these and the following reasons, the defendant's motion should be denied.

**I.  Background**

      On November 18, 2019, the defendant began serving a 51-month prison sentence at the D. Ray James Correctional Facility in Folkston, Georgia after pleading guilty to an Information on June 24, 2019. The defendant tested positive for Covid-19 in July of 2020, was hospitalized, and then released back into full-time prison custody on August 5, 2020. On October 13, 2020, the Court granted the government's motion for a sentence reduction under Rule 35 and the defendant's prison sentence was reduced to 30 months. According to the Bureau of Prisons website today, his scheduled release date is September 29, 2021.  Counsel for the defendant sought compassionate

release from the Bureau of Prisons ("BOP") on behalf of the defendant on February 10, 2021. That request was denied by BOP on February 16, 2021.[1]

## II. Law

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer,

---

[1] As no action has been taken after 30 days from the denial of the defendant's request for compassionate release on February 16, 2021, the defendant has met the exhaustion requirement for filing his motion for compassionate release with the Court.

amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." USSG § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. USSG § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D)

### III. Arguments

The defendant has not met his burden of establishing that a sentence reduction is warranted under the statute. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

#### a. Defendant has not demonstrated early release will reduce risk of COVID-19 infection

Missing from the defendant's motion is any evidence that a reduction in sentence will lead to a reduced risk of infection with the COVID-19 virus. Indeed, the defendant has already been infected with the Covid-19 virus and recovered. In addition, based on health records provided by the Bureau of Prisons ("BOP"), the defendant received his second Pfizer Covid-19 vaccination

shot on March 10, 2021.[2] The defendant has failed to provide any evidence that release from prison generally, nor to home confinement in Doral with his wife specifically, will reduce his chances of being reinfected with the virus.

### b. Defendant is not in deteriorating health

The defendant has not complained of being unable to care for himself or being disabled physically or mentally. Furthermore, the defendant is being duly treated with medication for several health conditions that he had upon arrival at his current prison facility. He able to see a doctor and receive medical care as needed, and he has not been diagnosed with any life-threatening or disabling illnesses. In fact, as noted by the defendant's motion, the defendant's sentence was delayed to address a medical condition by way of a successful surgery.

The standard for compassionate release is the existence of "extraordinary and compelling reasons," such as a terminal illness or debilitated medical condition. Petitioner has failed to meet his burden of establishing such extraordinary and compelling reasons. United States v. Rodriguez Orejuela, 03-CR-20774-FAM, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (denying compassionate release where defendant had long list of medical problems, including colon cancer, prostate cancer, gout, high blood pressure, but had not met his burden of establishing a terminal illness to merit compassionate release); Cannon v. United States, 11-CR-048, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019) (denying compassionate release because "despite the many medical afflictions [the defendant] identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility."): 2 Circulation, *Risk of Sudden Death in Wolff-Parkinson-White Syndrome: How High Is the Risk?*,

---

[2] The medical record proving that the defendant has been vaccinated against Covid-19 can be provided upon request by the Court.

Obeyesekere, et al., available at https://www.ahajournals.org/doi/10.1161/CIRCULATIONAHA.111.0851599; <u>United States v. Heromin</u>, 11-CR-550-SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019)(noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); <u>Peaks</u>, 2020 WL 2214231, at *2 (denying release for obese defendant at Elkton facility "in light of his relatively young age and access to medication," finding that defendant did not have "end of life trajectory").

As the defendant has already had Covid-19 and been vaccinated against Covid-19, the risk of him getting Covid-19 again is limited. In addition, the defendant has not provided any evidence that his likelihood of again getting Covid-19 is less likely outside of prison than in prison. The release plan provided by the defendant also does not address this concern.

<u>c. Defendant has only served a fraction of his sentence</u>

Section 3553 requires the defendant's sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the crime committed. The Court considered these factors already and found an original sentence of 51 months of imprisonment to be appropriate rather than a sentence of probation or home confinement. A reduction of the defendant's sentence now, after serving less than 37 percent of the original term (noting that the defendant's sentence was reduced to 30 months' imprisonment after a Rule 35 motion by the United States, DE 171) would be a major departure from the very principles outlined in Section 3553. See <u>United States v. Nabavi</u>, 19-20162 (D.E. 38)(S.D. Fla. April 13, 2020)(In part, denying defendant's motion for relief finding the defendant has not served at least 75% of his term of

imprisonment.) The Federal Bureau of Prisons program statement[3] that is based on the statutory guidelines informs that an elderly prisoner such as the defendant is eligible for compassionate release only if he has served at least 50 percent of his original sentence. An early release in contravention of this rule would not deter future offenders or serve justice.

Even if the Court were to find the extraordinary and compelling requirement satisfied, the Court could not modify the sentence as requested to provide home confinement because that authority rests with the BOP. See Tapia v. United States, 564 U.S. 319, 331 (2011) (holding "[w]hen a court sentences a federal offender the BOP has plenary control, subject to statutory constraints, over the placement of the prisoner's imprisonment"); Smith, 2020 WL 2063417 at *3 (denying compassionate release and finding that district courts generally lack authority to provide release to home confinement under the statute).

IV. Conclusion

For the foregoing reasons, the defendant's Motion For Reduction of Sentence should be denied.

                              JUAN ANTONIO GONZALEZ
                              ACTING UNITED STATES ATTORNEY

BY:   /s/ Kurt K. Lunkenheimer
        Kurt K. Lunkenheimer
        Assistant United States Attorney
        Court Id No. A5501535
        JLK Federal Justice Building
        99 Northeast 4th Street
        Miami, Florida  33132-2111
        Telephone:   305-961-9008
        Facsimile:    305-530-7976
        Email:         Kurt.Lunkenheimer@usdoj.gov

---

[3] Published at https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at 6.

ALEXANDER KRAMER
JOSEPH PALAZZO
Trial Attorneys
U.S. Department of Justice, Criminal Division
1400 New York Avenue, NW
Washington, DC 20005